**Barry Michael CORNELL, Petitioner—Appellant,**

v.

**Terry L. STEWART; Janet Napolitano, Respondents—Appellees.**

No. 02–16498.

D.C. No. CV–99–00214–WDB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 1, 2003.

Decided Jan. 14, 2004.

608

Barry Michael Cornell, Arizona State Prison—Eyman, Florence, AZ, Carla G. Ryan, Law Offices of Carla Ryan Tucson, AZ, for Petitioner–Appellant.

Jack Roberts, Karla Hotis Delord, DAG, Cari McConeghy–Harris, AGAZ–Office of the Arizona, Attorney General (Phoenix), Phoenix, AZ, for Respondents–Appellees.

Before O'SCANNLAIN, HAWKINS, and FISHER, Circuit Judges.

MEMORANDUM *

State habeas petitioner Barry Michael Cornell appeals from the district court's denial of the writ. He alleges that his attorney provided constitutionally ineffective assistance of counsel at his child mo-lestation trial by failing to object to the prosecution's elicitation of testimony from the child witnesses through use of their prior consistent statements. We have jurisdiction pursuant to 28 U.S.C. § 2254 (2003), review the district court's decision de novo, Beardslee v. Woodford, 327 F.3d 799, 806 (9th Cir.2003), and affirm.[1]

I

Although there is a serious question whether Cornell has procedurally defaulted his ineffectiveness claim, his claim fails on the merits and therefore we need not decide whether it is barred. See 28 U.S.C. § 2254(b)(2) (2003) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

A

Our review of the merits is cabined by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which allows us to grant a petition for the writ only if the state court's decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) (2003). Because the state trial court—the last state tribunal to issue a decision on the merits of Cornell's claim—applied the correct legal principle, we review under the "unreasonable appli-cation" prong of § 2254's bifurcated standard. Shackleford v. Hubbard, 234 F.3d 1072, 1079 n. 2 (9th Cir.2000).

Pursuant to that clause, we may grant a petition for the writ only "if the state court

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Because the particular facts giving rise to this appeal are known to the parties, we do not repeat them here except as necessary to explain our decision.

identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor,* 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (quotation omitted). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [the governing legal principle] incorrectly." *Woodford v. Visciotti,* 537 U.S. 19, 24–25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002). "Rather, that application must be objectively unreasonable." *Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003); *see also Wiggins v. Smith,* — U.S. —, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003); *Bell v. Cone,* 535 U.S. 685, 694, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002).

1

Pursuant to *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a convicted prisoner alleging constitutionally ineffective assistance of counsel must first demonstrate that his or her counsel's performance was objectively unreasonable, *id.* at 688, and then show there existed "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694. There is a "strong presumption that counsel's performance falls within the 'wide range of professional assistance,'" *Kimmelman v. Morrison,* 477 U.S. 365, 381, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986) (*quoting Strickland,* 466 U.S. at 689), and we must make "every effort ... to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Bonin v. Calderon,* 59 F.3d 815, 833 (9th Cir.1995) (*quoting Strickland,* 466

U.S. at 689). Indeed, we "ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial." *Coleman v. Calderon,* 150 F.3d 1105, 1113 (9th Cir. 1998), *rev'd on other grounds,* 525 U.S. 141, 119 S.Ct. 500, 142 L.Ed.2d 521 (1998).

2

We begin our analysis of the issue with a recognition that many of the child witnesses' testimonial statements during the course of Cornell's trial probably should not have been admitted in the form in which they were elicited, and that defense counsel largely failed to raise the appropriate hearsay objections to those statements. But that does not mean that those statements (or, at the very least, their devastating substance) could not have been admitted at all. Indeed, our review of the record convinces us that most (if not all) of the child witnesses' challengeable "prior consistent statements" would have been admitted into evidence if the prosecution had slightly altered its approach to questioning those witnesses in response to an appropriate objection from Cornell's attorney of record.

We perceive no fewer than three paths through which those statements (or their substance) were otherwise admissible. First, in response to the child witnesses' testimony that they could not remember the events about which they were being questioned, those witnesses' memorialized statements to the police detectives almost surely could have been offered by the prosecution as past recollections recorded, and subsequently read directly into the record. *See* Ariz. R. Evid. 803.

Second, the substance of those statements could have been adduced through testimonial evidence elicited by *proper* questioning following use of the children's prior statements to refresh the children's present recollections. *See* Ariz. R. Evid.

612. In such case, rather than handing the child witnesses their previous statements and then asking those witnesses what they previously had told the police detectives—as the district attorneys occasionally did—the prosecution consistently could have asked the children whether those prior statements refreshed their present recollections of past events. If so, the prosecution could have followed by repeating their original inquiries regarding the underlying behavior at issue in this case—as the district attorneys at other times did. Finally, we note that a number of the child witnesses' statements that could have been adduced as past recollections recorded or present recollections revived were likely also admissible as prior inconsistent statements pursuant to Ariz. R. Evid. 801(d)(1)(A).

### 3

This recognition—that the inadmissible statements to which Cornell's trial counsel could have objected, but did not, would have been admissible under at least two other evidentiary rules—raises a serious question whether Cornell's lawyer's conduct fell below professionally reasonable standards under *Strickland*'s first prong. We think one reasonably could conclude that it did not. *Cf. United States v. Molina*, 934 F.2d 1440, 1447–48 (9th Cir.1991) ("[M]any trial lawyers refrain from objecting during closing argument to all but the most egregious misstatements by opposing counsel on the theory that the jury may construe their objections to be a sign of desperation or hyper-technicality."). And, whether or not it did, the fact that those statements were otherwise clearly admissible surely demonstrates the reasonableness of a conclusion that Cornell was not prejudiced by his counsel's failure to object to them in the first instance. In short, the child witnesses' statements, upon which Cornell's prosecution hinged, still would have reached the jury.

## II

Because we think reasonable the conclusion that Cornell's counsel's failure to object to the child witnesses' inadmissible hearsay statements did not constitute ineffective assistance of counsel within the meaning of *Strickland*, we cannot say that the result reached by the state court was an unreasonable application of clearly established Supreme Court precedent. The judgment of the district court denying Cornell's petition for the writ is therefore

**AFFIRMED.**